CONRAD W. SCHAUFFELEE, TRADING, &c., DEFENDANT IN ERROR, v. ABRAHAM GREENBERG ET AL., PLAINTIFFS IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

A contract, providing for a certificate of approval to be given by a third person, will be construed to mean an approval of the subject-matter comprised within the terms of the contract unless a contrary meaning clearly appear.

---

On error to the Supreme Court, whose opinion is reported in 53 *Vroom* 343.

For the plaintiffs in error, *Stackhouse & Kramer.*

For the defendant in error, *Joseph Beck Tyler.*

The opinion of the court was delivered by

VOORHEES, J.   The plaintiff made two contracts in writing with the defendant to wire his "Moving Picture Parlor" in

Camden.   Each of these contracts specified what work was to be done, and the consideration to be paid.   In one of the contracts this clause appears, "making the total 198 lights and wiring done for arc machines passed by Phila. Surburban Underwriters Association, and certificates for the same."   In the other contract was incorporated the provision, "all work to be first class, best of material used, passed by Phila. Suburban Underwriters Association."

The suit was brought to recover the entire consideration of each contract, together with certain extra work.   Judgment was entered in favor of the plaintiff for the full amount. This judgment was affirmed by the Supreme Court.

At the trial, the plaintiff admitted his inability to obtain a formal certificate from the underwriters association, and testified that the association insisted that there were defects in the building, not, however, connected with the work done by him, or comprehended in his contracts.   He then offered three letters, addressed to the plaintiff by the association, signed by its managers, the first two pointing out why it refused to issue a formal certificate, and the last specifying certain requirements yet to be performed, and stating, "Our inspector reports that this is not up to Mr. Schauffelee, but to the owner, therefore Mr. Schauffelee's work is approved."   The letters were admitted over defendant's objection, but no grounds were stated.   The only valid reasons assigned for reversal bear solely upon the legality of the admission of these letters.

The contracts are informal and indefinite and differ from the usual form of building contracts, which generally provide for the production of an architect's certificate, as a condition precedent to entitle payments to be made.

A contract providing for a certificate of approval to be given by a third person will be construed to mean an approval of the subject-matter comprised within the terms of the contract, unless a contrary meaning clearly appear.

A fair reading of these contracts demonstrates that the plaintiff's engagement was to produce an approval of the material and work which he agreed to furnish and perform, and that such engagement did not relate to other conditions which

might exist in the building. The letters were evidential upon this point and were properly admitted by the trial court.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 11.

*For reversal*—None.